**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10380 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00785-SOM |
| v. | |
| JAMES AUGUST, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

James August appeals from the district court's judgment and challenges the

restitution award to the victim, Hawaiian Airlines ("HA"), following August's

guilty-plea conviction to interference with flight crew members and attendants, in

violation of 49 U.S.C. § 46504.  We have jurisdiction under 28 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, reviewing for abuse of discretion, *see United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008), we affirm.

Following two evidentiary hearings, a review of the pilot's declaration, and fourteen exhibits documenting the costs to HA associated with the airplane's return to Honolulu following August's disruptive behavior in flight, the district court ordered August to pay $97,817.29.

August first contends that the court erred in awarding turn-around costs. He argues that HA's losses were caused not by his conduct, but by the pilot's discretionary decision to return to Honolulu rather than land in San Francisco or Los Angeles or continue on to New York. Contrary to August's argument, this court has approved "restitution awards that included losses at least one step removed from the offense conduct itself" as long as "any subsequent action that contributes to the loss, such as an intervening cause, [is] directly related to the defendant's conduct." *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 928 (9th Cir. 2001). The pilot's declaration established that he turned the plane around after receiving reports of August's disruptive conduct because Honolulu was the closest airport. The district court did not abuse its discretion in concluding that the pilot's decision was sufficiently related to defendant's conduct to support the award of turn-around costs. *See id.*

August next contends that the district court improperly found that August

had the ability to pay restitution. The presentence report reflected that August had minimum monthly bills and was able to earn over $36 an hour in his occupation. The court did not abuse its discretion in ordering him to pay restitution during his three-year term of probation in the amount of 10% of his gross monthly income. *See United States v. Stoddard*, 150 F.3d 1140, 1147 (9th Cir. 1998) (restitution may be ordered where the record contains some evidence of future ability to pay).[1]

Lastly, August challenges the district court's decision to order restitution for the cost of re-booking passengers on the first available flight, and for maintenance and replacement crew costs. He argues that the government's evidence supporting these costs was insufficient and that the costs were not the direct result of his crime. We conclude that the re-booking, maintenance, and replacement crew costs were adequately supported by the exhibits and testimony. *See Waknine*, 543 F.3d at 557 (loss amount must be supported by a preponderance of the evidence "that possesses sufficient indicia of reliability to support its probable accuracy" (internal quotations omitted)). Furthermore, the costs were sufficiently related to August's conduct to justify the award. *See Gamma Tech Indus., Inc.*, 265 F.3d at 928.

**AFFIRMED.**

---

[1] To the extent August asserts in his reply brief that the district court violated Federal Rule of Criminal Procedure 32 by failing to make an explicit finding that he was able to pay restitution, we decline to reach that argument. *See United States Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995) (issues not specifically and distinctly raised and argued in the opening brief need not be considered).

17-10380